WALTER A. SYKES, RELATOR, v. GROVER P. HEINZMAN, RESPONDENT.

Submitted March 20, 1924—Decided June 16, 1924.

In municipalities which have adopted the provisions of the statute commonly known as the Walsh act (*Pamph. L.* 1911, *p.* 462), the power of appointment to the office of city comptroller is vested in the director of revenue and finance.

On demurrer to information in the nature of *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the relator, *Albert O. Müller, Jr., George L. Record* and *Frank H. Sommer.*

For the demurrant, *Merritt Lane.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This proceeding was instituted to determine the title to the office of the city comptroller of the city of Passaic. The relator, Sykes, claims to be entitled to that office by virtue of a resolution adopted by the board of commissioners of the city, by the terms of which he, Sykes, was appointed city comptroller for the term of one year, beginning January 2d, 1924, and ending December 31st, 1924. The demurrant, Heinzman, is in possession of the office, and claims to be the legal holder thereof by virtue of an appointment made by one of the commissioners, who had been assigned by the board to the position of director of revenue and finance of the city, the latter appointment having been made on the 8th day of January, 1924. The case presents but a single question for determination—namely, whether the power of appointment to this office rests in the board of commissioners as a body or solely in the director of revenue and finance of the city.

The city of Passaic, in the year 1911, by a popular vote, adopted the act of April 25th of that year, entitled "An act relating to, regulating and providing for the government of cities, towns, boroughs and other municipalities within this state" (*Supp. Comp. Stat., p.* 1087), commonly known as the Walsh act, and its governmental machinery is that provided by the statute. The fourth section of the legislative enactment as originally passed provided that the board of commissioners created thereby should have and possess all executive, administrative, judicial and legislative powers and duties then had and possessed and exercised by the mayor and city council and all other executive or legislative bodies of the city. The section further provided that the executive, administrative and legislative powers, authority and duties in such cities should be distributed into and among five several departments, one of which was designated as the department of revenue and finance; and that the board of commissioners, by a majority vote, should distribute the directorships of each of these departments among its several members. Subsequently, the statute was amended so as to include judicial powers among those to be distributed among the various departments; and, in construing the scope of the effect of this amendment the Court of Errors and Appeals, in the case of *Foley v. Orange,* 91 *N. J. L.* 554, declared that it "placed the judicial power appropriate to any one of such departments upon precisely the same footing as the executive and administrative powers; that is, to be exercised by the commissioner of such department, and not by the board itself as a body." The pertinent expression in this judicial utterance is that the executive and administrative powers of the municipal government are, under this statute, to be exercised by the respective commissioners presiding over the several departments, and not by the whole body of commissioners. The determination of the question before us, therefore, depends upon whether the making of an appointment to a subordinate municipal office is the exercise of an executive or an administrative power. That the power to

appoint a city comptroller was vested in the municipality of
Passaic prior to its adoption of the Walsh act, and that it was
then exercised by the common council of the city, is con-
ceded by the relator. This power, therefore, was either trans-
ferred to the new board of commissioners by the provision of
section 4 of the statute above set out or it did not pass to the
board at all. In the latter event, the board had no authority
to fill the office, and the relator, consequently, has no status
to challenge the right of the respondent to hold it. It goes
without saying that neither of the parties to this litigation
suggests so absurd a construction of the act of 1911, and the
acknowledgment that this power was transferred to the board
of commissioners carries with it, by necessary implication,
the admission that it is either an executive or a legislative
one. This being the effect of the statute, and these powers
being required by the statute to be distributed among the
several departments of the city government, we are of opinion
that the power to appoint a city comptroller passed to the
director of revenue and finance, and is, in the language of
the Court of Errors and Appeals, to be exercised by him as
the head of his department, and not by the board of com-
missioners as a body.

It is argued against the view which we have indicated that
because in the same section of the statute it is also provided
that the board of commissioners as a body shall at their first
meeting or as soon as may be after organization, appoint
such officers as it may deem necessary for the proper and
efficient conduct of the affairs of the city, and that these
officers so appointed may be removed by the board at any time
for cause, it is apparent that it was not the legislative pur-
pose that the power of appointment to subordinate offices in
the various departments of the municipal government should
be distributed among the directors of those departments. But
the statutory provision which is referred to only applies to
first appointments, and does not, as we think, indicate a
purpose on the part of the legislature that this power should
not be subsequently distributed, together with all other execu-
tive and administrative powers, among the different depart-

mental heads; for the legislative mandate directing the distribution of these powers is general and without limitation, containing no suggestion that the power of appointment to subordinate offices should be segregated from all other executive and administrative powers and should not be included in the distribution of those powers.

The conclusion which we reach is that the appointment of the respondent to the office of city comptroller by the director of revenue and finance was a valid one, and that, consequently, the respondent is entitled to judgment on the demurrer.